NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0148n.06

No. 10-3013

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Mar 16, 2011**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| v. | ) | SOUTHERN DISTRICT OF OHIO |
| | ) | |
| TYRONE DUMAS, | ) | AMENDED OPINION |
| | ) | |
| Defendant-Appellant. | ) | |

Before:  GILMAN, GIBBONS, and COOK, Circuit Judges.

COOK, Circuit Judge.  Tyrone Dumas appeals his sentence of ten months' imprisonment for violating the conditions of his supervised release.  We affirm.

I.

Dumas pleaded guilty to conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846 and received 15 months' imprisonment and 48 months' supervised release.  Three years into his supervised release, Dumas tested positive for cocaine, prompting the district court to order chemical-dependency treatment.  Eight months later, after failing to attend treatment sessions, Dumas again tested positive for cocaine.

These transgressions spawned a supervised-release revocation hearing.  At the hearing, the

district court began by asking Dumas general questions about his drug use. Neither Dumas nor his counsel objected to this questioning. Dumas readily conceded to using drugs during his supervised release. When asked whether he wished to admit the violations or to proceed to hearing, Dumas admitted the violations.

After discussing Dumas's personal circumstances at length, the court revoked his supervised release. It noted that it could sentence Dumas to a maximum of two years of prison, calculated his guidelines range as four to ten months, and analyzed each of the relevant 18 U.S.C. § 3553(a) factors. The court then sentenced Dumas to ten months' imprisonment and two years of supervised release, a sentence it characterized as "sufficient but not greater than necessary . . . to comply with all the sentencing purposes of 3553(a)."

Once the court delivered its sentence, it asked whether "there [were] any legal objections . . . not previously raised." Dumas's counsel objected to the length of the sentence, and suggested supervised release in its place. When the court asked counsel to clarify whether she objected on procedural or substantive grounds, she replied, "My objection is that [the sentence] is substantively unreasonable." Addressing this objection, the court further explained the appropriateness of the sentence and the necessity of imprisonment.

II.

Dumas now challenges his sentence on both procedural and substantive grounds.

A.

Dumas contends that the district court committed procedural error in three ways. First, he argues that the court neglected his mitigation arguments that treatment was preferable to imprisonment; that he had transportation and financial problems; and that he complied with the terms of his release for several years. Second, he claims that the court violated his due process rights under Federal Rule of Criminal Procedure 32.1(a)(3) by questioning him without informing him of his right to a hearing. Finally, he contends that his waiver of a revocation hearing under Rule 32.1 was invalid. Because Dumas failed to raise these procedural objections to the district court, even after it properly invited them, we review only for plain error. *See United States v. Lalonde*, 509 F.3d 750, 757 (6th Cir. 2007).

This standard of review poses a problem for Dumas. Although he alleges two errors, he neglects to argue that the errors "[are] plain[,] . . . affect[] substantial rights[,] . . . [and] seriously affect[] the fairness, integrity, or reputation of judicial proceedings." *Id*. at 757–58 (internal quotation marks and citation omitted). But even if Dumas had properly put forth a plain-error argument, his claims would still fall short. The first alleged error is no error at all: the district court considered each of Dumas's mitigating arguments, and even cited Dumas's prior compliance as a reason for imposing a sentence under the maximum. And the second alleged error did not adversely affect his substantial rights. Even if we assume, without deciding, that the district court violated Rule 32.1 when it questioned Dumas before he waived his right to a hearing, there is no basis to

conclude that his admissions affected his ultimate sentence. Dumas never contested his drug use, nor could he have: he tested positive for cocaine on three different occasions, and he admitted his cocaine use to his probation officer. And even if his waiver of a revocation hearing under Rule 32.1 were invalid, any resulting error would be harmless for these same reasons.

B.

Dumas also claims that the district court committed substantive error because his within-guidelines sentence was longer than necessary to satisfy § 3553(a)'s sentencing purposes. Reviewing the sentence "under a deferential abuse-of-discretion standard for reasonableness," *Lalonde,* 509 F.3d at 769 (internal quotation marks and citation omitted), we disagree.

Dumas received a sentence of ten months' imprisonment because he continued to violate the conditions of his supervised release. In sentencing Dumas, the court extensively evaluated his personal circumstances and applied each of the relevant § 3553(a) factors. Because Dumas continued his drug use despite the court's prior leniency, the court reasonably viewed a sentence toward the high end of the guidelines range as necessary to induce his compliance with the law. We discern no abuse of discretion in the district court's thoroughly reasoned analysis.

III.

For these reasons, we affirm.